UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          CASE NO.:  14-28846-BKC-RAM
                                                                       Chapter 7
**MARIO CORREA**
SSN: XXX-XX-4339
         Debtor(s).                    /

### TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS (B) TURNOVER OF (1) SALE PROCEEDS FROM NON-EXEMPT REAL PROPERTY AND (2) 2005 CHEVROLET TRAILBLAZER

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion.  Any scheduled hearing may then be canceled.**

Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Mario Correa (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files her Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of (1) Sale Proceeds from Non-Exempt Real Property and (2) 2005 Chevrolet Trailblazer (the "Motion"), and in support thereof, states as follows:

### I.        Background

1.      This case commenced with the filing of a voluntary Chapter 7 Petition on August 21, 2014.  Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2.      The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of

Debtor's Non-Exempt Assets and (B) Turnover of (1) Sale Proceeds from Non-Exempt Real Property and (2) 2005 Chevrolet Trailblazer, attached hereto as Exhibit "A."

3.      The Stipulation provides for the repurchase of Debtor's non-exempt assets (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.      Legal Standard for Settlement

6.      Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762

---

[1]  Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9.      According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)      the probability of success in the litigation;

(b)      the difficulties, if any, to be encountered in the matter of collection;

(c)      the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)      the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.      The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.      Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Mario Correa, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

3

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on September 28, 2015, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Jessika A. Graham
Jessika A. Graham
Fla. Bar No. 72452
Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
JTabas@tabasfreedman.com

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

**MARIO CORREA**
SSN: XXX-XX-4339
_____Debtor(s)._____/

CASE NO.: 14-28846-BKC-RAM
Chapter 7

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING
(A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS
(B) TURNOVER OF (1) SALE PROCEEDS FROM NON-EXEMPT REAL PROPERTY
AND (2) 2005 CHEVROLET TRAILBLAZER**

Marcia T. Dunn, as Chapter 7 Trustee, and the Debtor(s), Mario Correa (the "Debtor(s)"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of (1) Sale Proceeds from Non-Exempt Real Property and (2) 2005 Chevrolet Trailblazer (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

1.      This case commenced with the filing of a voluntary Chapter 7 Petition on August 21, 2014. Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2.      The Schedules list certain property (collectively, the "Scheduled Property").

3.      The Debtor has claimed a portion of the Property as exempt.

4.      Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5.      The Debtor disputes certain aspects of the Trustee's analysis.

6.      Further the Debtor's Schedule "A" lists the real property located at 1681 W 72nd Street, Hialeah, Florida (the "Real Property"). The Real Property is not claimed as exempt on the Debtor's Schedule "C."

**EXHIBIT
A**



CASE NO.: 14-28846-BKC-RAM

7.      The Real Property is jointly owned with the Debtor's estranged spouse and pursuant to the divorce proceedings will be sold. The proceeds from the sale of the Real Property are to be split between the Debtor and his estranged wife.

### THE SETTLEMENT

8.      The Trustee and the Debtor agree to  (A) compromise the valuation and repurchase of the non-exempt interest in the Property for $2,000.00 (the "Settlement Amount") and (B) Turnover of (1) the sale proceeds from the Real Property (the "Proceeds") and (2) the 2005 Chevrolet Trailblazer listed on line 25 of the Debtor's Schedule "B" (the "Vehicle"). The Trustee has already received or collected $2,000.00 which is to be applied to the Settlement Amount.

9.      The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interests in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET | |
|---|---|---|---|
| Cash | 0.25% | $ | 4.99 |
| Jetstream Federal CU accounts | 0.08% | $ | 1.62 |
| HHG | 3.12% | $ | 62.39 |
| Clothing | 0.75% | $ | 14.97 |
| Watch | 0.62% | $ | 12.48 |
| 2009 Mini Cooper 2D | 95.18% | $ | 1,903.54 |

10.     Each payment shall be in the form of a money order or cashier's check,  made payable to "Marcia T. Dunn, Trustee, for the Estate of Mario Correa , Case No.: 14-28846-BKC-RAM," and shall be delivered to Marcia T. Dunn, Trustee, at 555 N.E. 15th Street, Suite 934-A, Miami, Florida 33132.

11.     The $1,000.00 vehicle exemption permitted pursuant to Fla. Stat. § 222.25(1) was contemplated in the negotiation of this Settlement Agreement, therefore the Debtors agree that any sums obtained from the liquidation of the Vehicle is property of the Estate and the Debtor is not entitled to any portion thereof.

Initials

12.    The Debtor agrees to surrender his interest in the Vehicle and the original title within five (5) days of execution of this Stipulation Agreement. The Trustee will proceed with obtaining the vehicle pursuant to the Order Granting Motion to Compel Turnover of Non-Exempt Property [ECF 60].

13.    The Debtor agrees to cooperate with the Trustee in the sale of the Real Property and not engage in any actions that would impair the Real Property or hinder the sale of the Real Property.

14.    The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions.  To the extent that the Debtor  has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

15.    In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs.  Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor(s)' discharge will not be revoked without a hearing.



Initials



16.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.  A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

17.     This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document.  The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

18.     This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE



Initials

CASE NO.: 14-28846-BKC-RAM

Dated this ___9___ day of September, 2015.

_Mario Correa_
Mario Correa
7736 W 14TH AVENUE
Hialeah, FL 33014

Dated this __14__ day of September, 2015.

Marcia T. Dunn, Trustee
555 N.E. 15th St., Suite 934-A
Miami, Florida 33132
Telephone: (786) 433-3866
Facsimile: (786) 260-0269

Dated this ___9___ day of September, 2015

Robert Sanchez Esq.
900 W 49 St #500
Hialeah, FL 33012
Telephone number: 305.687.8008

Initials

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                           CASE NO.:  14-28846-BKC-RAM
                                                 Chapter 7
**MARIO CORREA**
SSN: XXX-XX-4339
_____Debtor(s)._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE
OF DEBTOR'S NON-EXEMPT ASSETS (B) TURNOVER OF (1) SALE PROCEEDS
FROM NON-EXEMPT REAL PROPERTY AND (2) 2005 CHEVROLET TRAILBLAZER**

**THIS CAUSE** having come before the Court upon Marcia T. Dunn, Trustee's Motion
to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and
Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of (1) Sale Proceeds from Non-
Exempt Real Property and (2) 2005 Chevrolet Trailblazer (the "Motion"), and the Court, having
reviewed the Motion and the Certificate of No Response, having noted that no objections
were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In
re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of
this Estate, and finding that the notice of the proposed compromise and settlement is
sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and
any other applicable notice requirement, it is


EXHIBIT
B

CASE NO.:  14-28846-BKC-RAM

**ORDERED** as follows:

1.      The Motion is granted.

2.      The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor(s) agree that the Settlement Amount provides for the repurchase of the Debtor(s)' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.25% | $            4.99 |
| Jetstream Federal CU accounts | 0.08% | $            1.62 |
| HHG | 3.12% | $          62.39 |
| Clothing | 0.75% | $          14.97 |
| Watch | 0.62% | $          12.48 |
| 2009 Mini Cooper 2D | 95.18% | $      1,903.54 |

The Debtor has already paid the settlement amount and the Debtor agrees that the $1,000.00 vehicle exemption permitted pursuant to Fla. Stat. § 222.25(1) was contemplated in the negotiation of this Settlement Agreement, therefore the Debtors agree that any sums obtained from the liquidation of the Vehicle is property of the Estate and the Debtor is not entitled to any portion thereof.

3.      The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:
Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

Bank of Ameraic
4161 Piedmont Pkwy
Greensboro, NC 27410-8119

Barclays Bank Delaware
125 S West St
Wilmington, DE 19801-5014

Bk Of Amer
9000 Southside Blvd Bldg
Jacksonville, FL 32256-6705

Cap1/Bstby
Po Box 5253
Carol Stream, IL 60197-5253

Chase
Po Box 15298
Wilmington, DE 19850-5298

Chase/Cc
Po Box 15298
Wilmington, DE 19850-5298

Citi
Po Box 6241
Sioux Falls, SD 57117-6241

Comenity Bank/Eddiebau
995 W 122nd Ave
Westminster, CO 80234-3417

Credit Coll
Po Box 9134
Needham, MA 02494-9134

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Diversified
10550 Deerwood Park Blvd
Jacksonville, FL 32256-2805

Diversified Consultant
10550 Deerwood Park Blvd
Jacksonville, FL 32256-0596

G M A C
Po Box 105677
Atlanta, GA 30348-5677

Gdyr/Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

Jetstream Federal Cu
6600 Cow Pen Rd Ste 100
Miami Lakes, FL 33014-7618

Kohls/Capone
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051-7096

**Mario Correa**
**7736 W 14th Avenue**
**Hialeah, FL 33014-3421**

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

Sears/Cbna
Po Box 6189
Sioux Falls, SD 57117-6189

Sears/Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

Sherry Ann Correa
1681 West 72nd street
Hialeah, FL 33014-4463

Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

~~Syncb/Brandsmart Platn~~
~~Po Box 981474~~
~~El Paso, TX 79998~~

~~Syncb/City Furniture~~
~~Po Box 981439~~
~~El Paso, TX 79998-1439~~

Syncb/Dillards
Po Box 965024
Orlando, FL 32896-5024

Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

Syncb/Lowes
Po Box 965005
Orlando, FL 32896-5005

Syncb/Rooms To Go
Po Box 965036
Orlando, FL 32896-5036

Syncb/Walmart
Po Box 965024
Orlando, FL 32896-5024

Target Nb
Po Box 673
Minneapolis, MN 55440-0673

Unvl/Citi
Po Box 6241
Sioux Falls, SD 57117-6241

Vw Credit Inc
1401 Franklin Blvd
Libertyville, IL 60048-4460

World Omni
Po Box 91614
Mobile, AL 36691-1614