

**ORDERED in the Southern District of Florida on October 14, 2015.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 14-28846-RAM |
| | CHAPTER 7 |
| MARIO CORREA, | |
| Debtor. | |

### ORDER SETTING HEARING
### TO DETERMINE INTERESTS IN VEHICLE
### AND SETTING HEARING ON MOTION TO COMPROMISE

The Court conducted a hearing on October 8, 2015, pursuant to the Court's September 3, 2015 Order Setting Hearing for Brian Edward Casteel and Tara Dauria Casteel to Show Cause Why They Should Not be Held in Contempt of this Court (the "Show Cause

Order") [DE# 67].  The Show Cause Order required Brian Edward Casteel and Tara Dauria Casteel (the "Casteels") to appear and show cause why they should not be held in contempt for failing to comply with this Court's May 27, 2015 Order Granting Trustee's Motion to Compel Turnover of Non-Exempt Property (the "Turnover Order") [DE# 60].  The Turnover Order required the Casteels to turn over to the Trustee a 2005 Chevrolet Trailblazer (the "Trailblazer") that is owned in part by the Debtor, but is in the possession of the Casteels.

## Dispute Over Ownership
## Interests in the Trailblazer

According to the Trustee, title to the Trailblazer is in the name of the Debtor, Mario Correa <u>or</u> Sherry Ann Correa ("Wife").  The Debtor and Wife are presently parties in a divorce proceeding in state court. The Trustee argues that because title to the Trailblazer is in the name of the Debtor <u>or</u> his Wife, the Debtor can turn over full title to the Trustee. As a further complication, the Trailblazer is not presently insured.

Respondent, Brian Casteel, is the Wife's brother.  The Casteels appeared at the October 8th hearing, together with the Wife and the Wife's family court counsel, Marilyn Blumberg, Esq. The Court did not conduct an evidentiary hearing, but it was

proffered that the Wife paid for the Trailblazer, pays all the expenses for the Trailblazer, and had possession of it until she turned over possession to the Casteels. Because the Casteels appeared at the hearing, the Show Cause Order is discharged subject to the Casteels complying with the terms of this Order.

### The Court's Preliminary Conclusion

Subject to the Trustee convincing the Court otherwise, the Court finds that use of the word "or" in the title does not mean that the Trustee has the right to 100% of the Trailblazer or 100% of the sale proceeds if the Trailblazer is sold. Conversely, unless the Wife can present evidence and legal argument to establish that the Debtor holds only bare legal title to the Trailblazer, the Court rejects the argument that the Wife has the right to keep the vehicle free and clear of any claim by the Trustee.

This Order will schedule a further hearing, but the Court will likely find that the Debtor and his Wife each own a one-half interest in the vehicle and will require the Casteels to turn over the Trailblazer to be sold with the proceeds to be split 50/50 between the Trustee and the Wife. The Wife, or the Casteels, can reach an agreement with the Trustee to pay the Trustee the value of one-half of the vehicle in order to keep the car. Pending the hearing scheduled by this Order, the

3

Casteels may retain possession of the Trailblazer provided they obtain insurance.  Based upon the foregoing, it is –

**ORDERED** as follows:

1. The Court will conduct an evidentiary hearing to determine rights in the Trailblazer on **November 4, 2015** at **10:00 a.m.**, at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL  33128.

2. The Casteels may retain possession of the Trailblazer pending the November 4th hearing, if and only if, by October 15, 2015, the Casteels email or fax proof of insurance to the Trustee.  The insurance policy shall name the Trustee, Joel Tabas, as a loss payee.

3. If the Casteels or the Wife choose not to obtain insurance or fail to provide proof of insurance by October 15, 2015, the Casteels must turn over the vehicle to the Trustee and a failure to do so will subject them to sanctions for contempt.  The Trustee will retain possession, but will not be entitled to sell the Trailblazer without further Order.

4. On September 28, 2015, the Trustee filed Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets (B) Turnover of (1) Sale Proceeds from Non-Exempt Real

4

Property and (2) 2005 Chevrolet Tralblazer (the "Motion to Compromise") [DE# 69]. Because the settlement involves the Trailblazer and the home in which the Wife has an interest, the Court will also conduct a hearing on the Motion to Compromise on **November 4, 2015** at **10:00 a.m.**

    5. If any party wishes to file a memorandum regarding their ownership or rights to the Trailblazer or a memorandum supporting or objecting to the Motion to Compromise, the memorandum must be filed by October 28, 2015.

###

COPIES TO:

Jessika Graham, Esq. (Counsel for Trustee)
Robert Sanchez, Esq. (Counsel for Debtor)

Mario Correa
7736 W. 14th Avenue
Hialeah, FL  33014

Sherry Ann Correa
1681 W. 72nd Street
Hialeah, FL  33014

Brian and Tara Casteel
11260 NW 22nd Street
Plantation, FL  33323

Marilyn Blumberg, Esq.
100 SE 2nd Street, Suite 2700
Miami, FL  33131-2150