UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                               Case No.: 14-28846-RAM
Mario Correa                                         Chapter 7

_____Debtor_____/

## MOTION FOR RECONSIDERATION, AND/OR CLARIFICATION REAL PROPERTY IS THE HOMESTEAD OF NON-FILING SPOUSE

COMES NOW, Sherry Correa ("Non-Filing Spouse"), by and through undersigned counsel pursuant to FED. R. CIV. P. 59(e) and Federal Rule of Bankruptcy Procedure 9023, hereby moves this Court for reconsideration, and/or clarification real property is the homestead of the Non-Filing Spouse, and as grounds therefore state as follows:

1. On November 4, 2015, an evidentiary hearing took place in front of this honorable Court on Marcia T. Dunn, Trustee's ("Trustee") Motion to Approve Stipulation For Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-exempt Assets (B) Turnover of (1) Sale Proceeds From Non-Exempt Real Property and (2) 2005 Chevrolet Trailblazer (the "Motion"). The hearing moved forward without Non-Filing Spouse's counsel present.

2. The real property at issue is the home located at 1681 W 72 St Hialeah, FL 33014 ("Real Property").

3. There is a proposed order granting the Trustee's Motion which does not specify the Real Property is the homestead of the Non-Filing Spouse.

4. Pursuant to Art. X §4(a)(1) of the Florida Constitution (the "Homestead Exemption"), the Non-Filing Spouse retains the applicable state-law benefits of Florida's Homestead Exemption.

5. At the time of Debtor's filing, the Non-Filing Spouse primary residence is the Real Property and the Non-Filing Spouse resided on the property since 2003 which satisfies the contiguity requirements.

6. The Real Property is in the name of the Debtor and Non-Filing Spouse as "husband and wife", as evidenced by the warranty deed for the Real Property dated May 10, 2003. (*see* Exhibit "A").

7. On petition date, the Debtor and Non-Filing Spouse are parties in a dissolution of marriage with children in state court. At the time of filing there was no marital settlement agreement between the Debtor and Non-Filing Spouse to sell the Real Property. Moreover, the state court has yet to make an equitable distribution to the Debtor of the Real Property, if any.

8. The Debtor moved out of the property due to a restraining order.

9. The mortgage of the Real Property is current, and being paid by the Non-Filing Spouse.

10. Two minor children reside in the Real Property.

11. Under Florida, law a Debtor cannot act on behalf of his spouse to alienate or abandon spouse's interest in their homestead.

12. The Real Property is considered the homestead of the Non-Filing Spouse even if the Debtor does not specifically claim the Homestead Exemption in Schedule C. This is consistent with the Florida Supreme Court's holding in Osborne v. Dumoulin, in which the Florida Supreme Court stated as follows:

> As several courts have explained, each case must be decided on its own facts because the debtor in bankruptcy may still receive the homestead exemption's protections despite failing to assert the homestead exemption. *In re Bennett,* 395 B.R. at 790 ("A debtor who does not claim the Homestead Exemption may still receive its benefits in certain limited circumstances that can only be determined on a case-by-case basis, after a fact-intensive inquiry.").
>
> For example, in *Hernandez,* the debtor husband filed individually for bankruptcy and claimed entitlement to the section 222.25(4) personal property exemption. *In re Hernandez,* 21 Fla. L. Weekly Fed. at B299. The trustee objected, arguing that because the husband's non-debtor spouse retained the right to the homestead exemption, the debtor continued to receive the benefits of the homestead protection against creditors as well. The bankruptcy court determined that the wife's retention of the homestead right would "prevent the trustee from administering the TBE [tenants by the entirety] property to pay any joint creditors," which in turn meant that "the Debtor is receiving the benefits of the constitutional protection by shielding TBE assets from the reach of his joint creditors." *Id.* at B300. Accordingly, the court held that the debtor could not claim the statutory personal property exemption.
>
> <u>Osborne v. Dumoulin</u>, 55 So.3d 577, 589 (Fla.,2011)

As explained above, The Florida Supreme Court has found there is a homestead exemption right retained by the non-filing spouse even when the Debtor is not trying to exempt the property.

13. The Non-Filing Spouse in this case owns the home, lives in it, and continues to reside there, therefore the property has homestead status under Florida law regardless of the Debtor's failure to claim the homestead exemption on Schedule C.

14. The homestead language in the order is necessary to protect the Non-Filing Spouse interest in the Real Property.

15. Thus, upon the forgoing authority, and the Non-Filing Spouse has all state law constitutional benefits of the Homestead Exemption, the undersigned would argue for the language specifying the Real Property is the homestead on the Non-Filing Spouse be included in the Order granting the Motion.

**WHEREFORE,** the Non-Filing Spouse, respectfully request this Court include language specifying the Real Property is the homestead of the Non-Filing Spouse and/or an Order Granting Non-Filing Spouse's Motion For Reconsideration, and/or Clarification Real Property Is The Homestead Of Non-Filing Spouse; together with any other relief the Court deems appropriate.

I Hereby Certify that I am admitted to the Bar of the United States District Court for the Southern District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in the Court set forth in Local Rule 2090-1 (A).

**Law Offices of Patrick L Cordero, Esq**
Attorney for Non-Filing Spouse
198 NW 37th Avenue
Miami, Florida 33125
Tel: (305) 445-4855

By: /s/ (FILED ECF)
[  ] Patrick L. Cordero, Esq., FBN 801992
[  ] Miriam V. Marenco, Esq., FBN 86115
[  ] Giselle Velez, Esq., FBN 71004
[ X ] Marlene Sato, Esq., FBN 113717
[  ] Aileen Gonzalez, Esq., FBN 118695



CFN 2003R0305373
OR Bk 21241 Pgs 3991 - 3992; (2pgs)
RECORDED 05/10/2003 12:41:25
DEED DOC TAX 690.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Prepared by and return to:
ALAN J. MARCUS
Attorney at Law
Aventura Title Insurance Corporation
c/o Alan J. Marcus, Esq. 20803 Biscayne Blvd., Suite 301
Aventura, FL 33180

File No.: A1386-03

_____[Space Above This Line For Recording Data]_____

# Warranty Deed

This Warranty Deed made this **18th** day of **April, 2003** between

**ROBERT L. MILLARES and FERMINA MILLARES, his wife**
whose post office address is
**8440 SW 4th Street, Miami, FL 33144**
grantor, and

**MARIO CORREA and SHERRY ANN CORREA, husband and wife**
whose post office address is
**1681 West 72nd Street, Hialeah, FL 33014**
grantee;

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

WITNESSETH, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in Miami-Dade County Florida to-wit:

**Lot 63, FLAMINGO LAKE, according to the Plat thereof, recorded in Plat Book 85, Page 17, of the Public Records of Miami-Dade County, Florida.**

**Parcel Identification Number: 04-2026-025-0630**

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2002.

OR BK 21241 PG 3992
LAST PAGE

IN WITNESS WHEREOF, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: _____     _____ (Seal)
                                          ROBERT L. MILLARES
Witness Name: Jinny Donoso

Witness Name: _____     _____ (Seal)
                                          FERMINA MILLARES
Witness Name: Jinny Donoso

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 18th day of April, 2003 by ROBERT L. MILLARES and FERMINA MILLARES, who [ ] are personally known or [X] have produced a driver's license as identification.

[Notary Seal]     Notary Public _____

Printed Name: _____

My Commission Expires: _____

Book21241/Page3992    Page 2 of 2